## Bechtel's Estate.

*Decedents' estates—Remainder — Time of vesting — "When" — Time of enjoyment—Income.*

A testator who makes a gift in remainder to heirs, next-of-kin or persons who would take under the intestate laws, will be understood to intend those persons who would have so taken at the time of his death, and not at the time appointed for their taking.

The use in a will of the word "when" referring to the time when property is to be divided among children, is synonymous with "upon," and refers to the time of enjoyment and not to the vesting of the estate, and will not make a devise to the children contingent.

14, (1925).] Syllabus—Opinion of the Court.

There being no gift over, and the principal being vested in the children of a testator, unless it plainly appears to the contrary, they should also have a vested interest in the income, the testator being presumed not to die intestate as to any portion of his estate.

Argued November 10, 1924. Appeals, Nos. 6 and 7, Oct. T., 1924, by Colonial Trust Company of Reading and George I. Bechtel, from the decree of O. C. Berks Co., March T., 1923, No. 3, in the estate of John R. Bechtel, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before SCHAEFFER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. The trustee appealed.

*Error assigned* was the decree of the court.

*E. H. Deysher,* for appellants.

*Joseph R. Dickinson,* and with him *William A. Shomo,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

The ninth clause of the will of John R. Bechtel reads as follows: "I hereby appoint the Colonial Trust Company, of Reading, Pa., Trustee of the property Nos. 402½ and 404 Penn Street, (here follows description), the said Trustee to collect the rents and income arising therefrom and after paying charges and repairs to divide the balance into seven equal shares and pay one of said shares to each of my six children, and to the children of my deceased daughter, Amelia Laura Miller, monthly, the child or children of a deceased legatee to represent the parent, until the death of the last of my children when

I direct my executors to sell said property at either public or private sale, and direct the proceeds thereof to be distributed under the intestate laws of Pennsylvania." The testator was survived by six children and the children of a deceased daughter. One of the children, Ernest Bechtel, died without issue, but left a widow, Annie L. Bechtel. She demands that the income formerly paid to Ernest Bechtel should now be paid to her as executrix of her deceased husband. In her petition to the court she claimed that her husband had a vested interest in the income and principal of the one-seventh part of the estate and asked for a citation to show cause why a trustee should not file an account of the income liberated by the death of Ernest Bechtel so that the ownership of the same might be determined. The trustee filed a demurrer to the petition and thus the matter came before the Orphans' Court of Berks County. The learned judge decided that the testator intended to give each of his children a vested interest in one-seventh share of the property and that the distribution of income must be made to the personal representatives of such as are deceased. The contention of the appellant is that the purpose of the testator was to simply create estates in the children for their own lives with the provision that the share of the income given those who died leaving children was to go to their children, but if no issue, the share of the one who dies was to pass to the survivors.

Considering the questions arising in the same order that the learned judge of the orphans' court did, we, in the first place, notice that the property after the death of the last child is to be sold and the proceeds thereof to be distributed under the intestate laws of Pennsylvania. There seems to be abundant authority for the proposition that as a general rule of construction, a testator who makes a gift in remainder to heirs, or next of kin, or to the persons who would take under the intestate laws, or gives the estate in accordance with the law, or the like, will be understood to intend those persons who would

have so taken at the time of his death, and not at the time appointed for their taking. See McFillin's Estate, 235 Pa. 175; Buzby's App., 61 Pa. 111; Stewart's Est., 147 Pa. 383; Fitzpatrick's Est., 233 Pa. 33; Murphey's Est., 276 Pa. 498; Tatham's Est., 250 Pa. 269; Groninger's Est., 268 Pa. 184. The use of the word "when" in the section does not refer to the vesting of the estate but to the time of enjoyment: Words and Phrases, 2 Series, 4th Volume 1274. The use of that word referring to the time when a property is to be divided to children, will not be allowed to make a devise to children contingent, for the words "when" and "whenever" and their synonyms almost always appear when a vested remainder is created. "When" and "upon" referring to the time of performing an act, are substantially synonymous: Womrath v. McCormick, 51 Pa. 504. See also Buzby's Est., supra; Murphey's Est., supra.

There is nothing in the will, we think, that would indicate that testator's intent was that at the time the last surviving child died and the trust ended the parties then entitled under the intestate laws were to take the estate. Before such a conclusion can be arrived at, the contention must appear plainly: Groninger's Est., supra. The testator directing the conversion of his property at the death of the last surviving child, the proceeds of the sale would then pass as personal property, and as such the share of Ernest Bechtel would go to his executrix.

Having concluded that the children and grandchildren have vested estates in the principal, the question remains whether the income must be treated the same way. We think it reasonable to conclude that the principal being vested in the children that unless it plainly appears to the contrary, they should also have a vested interest in the income. There is no gift over; nothing which expressly directs where the income is to go before the arrival of the time fixed for the final distribution of the principal if a child should die without issue. This was the ground upon which Little's App., 81 Pa. 190, rested,

so stated in Maxwell's Est., 261 Pa. 140.   In the former case the point in controversy was this: "The testator gives the entire income from his estate, consisting wholly of personalty, during the life of his daughter Elizabeth, or while she shall remain single, to his two daughters, Mrs. Martha J. Little, and the said Elizabeth, the former to receive one-third and latter two-thirds of the said income.   Mrs. Little is now deceased, leaving a husband and children; Elizabeth is still living and unmarried. The principal of the estate is not to be distributed until after Elizabeth marries or dies.   In the meantime what is to become of the one-third of the income formerly paid to Mrs. Little?"   It was there held that the gift of this income was a vested interest during the lifetime of the testator's daughter, Elizabeth, or so long as she remain unmarried and that upon the death of Mrs. Little it passed to her legal representatives for the period above stated. Whilst the disposition of the principal would not necessarily control the distribution of the income the court held that the fact was not without weight as bearing upon the question of intent, and that there being no limitation over of the income, the intention of the testator is presumed not to die intestate as to any portion of his estate.   In Huddy's Est., 63 Pa. Superior Ct. 34, Judge KEPHART, s. c. 257 Pa. 528, points out that in Little's App., supra, the absence of a gift over and of an expressed intention as to the use and enjoyment of the income gave support to the determination that the gift was absolute in the first taker pur autre vie.   See Hildebrant v. Hildebrant, 42 Pa. Superior Ct. 190.

We quote from the opinion of the lower court: "In the case at bar the remaindermen are the six children and the children of the deceased daughter, and to them is also given the income in this language: 'to divide the balance into seven equal shares and pay one of said shares to each of my six children and to the children of my deceased daughter, Amelia Laura Miller, monthly, the child or children of a deceased legatee to represent

14, (1925).]          Opinion of the Court.

the parent until the death of the last of my children.' These are the same persons who have a vested interest in the remainder, with nothing in the way of an express gift over of any part of the income before the arrival of the time fixed for final distribution of the principal. Is that not very significant in connection with testator's evident intention to treat his children individually? For he specifically directs the income to be divided 'into seven equal shares and pay one of said shares to each of my six children,' indicating unmistakably his view of them as separate individuals, which would militate against the idea of them taking the income as a class, while being in perfect accord with the conclusion that they take vested interests in the principal. There were to be seven shares of income, as there were likely to be seven shares of principal, and each child—except in the case of the one deceased—was to be the absolute owner of one share of the income, and he was, under the law, vested with a share of the principal. This view is in harmony with the general scheme of distribution—permitting the income to follow where the principal vested; and conversely, to hold otherwise, would be to deprive of the income a child in whom the principal vests."

The decree of the lower court is affirmed, No. 6, October Term, 1924, Colonial Trust Company of Reading, Pa., trustee, appellant to pay the cost.

The decree of the lower court is affirmed, No. 7, October Term, 1924, George I. Bechtel, appellant, to pay the cost.