## Boyer's Estate.

Argued November 12, 1934.

Before TREXLER, P. J.,

502

KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

Walter B. Freed, for appellant.

Milton H. Belber, with him George B. Balmer, for appellee.

OPINION BY KELLER, J., December 18, 1934:

The testatrix directed that her land should not be sold or divided until after the death of all her children and her three living grandchildren and then provided, as follows: "Upon the death of the survivor of the said children and grandchildren, being altogether eight persons, the said property shall be sold and the proceeds divided equally between all my grandchildren, the child or children of a deceased grandchild to represent the parent. Until the time of sale shall have arrived as aforesaid, I give to my children equally, the children of a deceased child to represent the parent, ...... all that can be made out of the use of the said land for any purpose, including the quarries, clay pits, and mineral deposits generally, for which purposes new quarries, pits, and openings may from time to time be made, so that all the mineral deposits on the said land shall be available. ...... Pennsylvania Trust

Company shall have the management of the said lands and of the sale of them when the time for sale shall have arrived as aforesaid, for which purpose I give the said company power to sell at public or private sale, and to make conveyance to the purchasers.''

The will gave the net income of the land, constituting the trust estate, to her children *as a class,* until the time arrived for the termination of the trust by reason of the death of all her children and the three named grandchildren. If any child died leaving children, the children of such deceased child took the share of income of their parent. No provision was made for the event of a child dying without issue surviving him or her.

We think, in such case, as the will contained no other provisions showing a contrary intent, it is governed by Smith's Est., 110 Pa. Superior Ct. 469, 169 A. 16, which, in turn, was based on the decisions of the Supreme Court in Nixon's Est., 306 Pa. 261, 159 A. 442, affirming 101 Pa. Superior Ct. 152; Maxwell's Est., 261 Pa. 140, 104 A. 501; and Rowland's Est., 141 Pa. 553, 21 A. 735, rather than by Little's Appeal, 81 Pa. 190, and the cases following it, relied on by the court below.

Had the bequest of the income in the present will been to the children *by name,* and one of them had died without issue during the continuance of the trust, his share of the income would have passed to his personal representative until the termination of the trust, for it would then have been within the facts of Little's Est., supra; or had the bequest been of a specific share —that is, one-fifth—''to *each* of my five children,'' as in Bechtel's Est., 85 Pa. Superior Ct. 14, the ruling would have been the same.

But as the bequest of the income, until the termination of the trust, was to the children as a class, the case comes within the rule of interpretation estab-

504

lished in Nixon's Est., supra, and the cases on which it was based, "that where under a trust created by a testator, income is payable to a class and one of the class dies without issue, the income formerly payable to him will be awarded to the survivors of the class rather than to his personal representative, unless a contrary intent clearly appears from the will." See Smith's Est., supra, p. 474.

The assignments of error are sustained. The decree is reversed and the record is remitted to the court below in order that distribution of the share of income which was payable to Harry H. Boyer, Sr., in his lifetime, may be made, in accordance with this opinion, among his brother, George A. Boyer, and sister, Emma Boyer Garber, and Fred H. Miller, the son of Mary Boyer Miller, a deceased sister. The appellee to pay the costs.