THEA JUNE BERNING ET AL., APPELLEES, v. NATIONAL BANK OF COMMERCE TRUST & SAVINGS, A CORPORATION, ET AL., APPELLEES, IMPLEADED WITH MAX MARSHALL SHEILS ET AL., APPELLANTS.

127 N. W. 2d 723

Filed April 27, 1964. No. 35654.

Neighbors, Danielson & Van Steenberg, for appellants.

Wright, Simmons & Hancock, for appellees Berning et al.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action to construe the will of Thomas Sheils, deceased, which established a testamentary trust.

The will in question was drawn January 3, 1925. Thomas Sheils, hereinafter referred to as testator, died June 8, 1933. His will was admitted to probate in Scotts Bluff County. The scrivener spelled the testator's family name "Shiels" in many places throughout the will. The signature wherever it appears spells the name "Sheils."

In the first instance, the will gives all of the property to Sarah Elizabeth Sheils, testator's widow, in trust with power to sell, mortgage, lease, and to convey. At her death, which occurred August 4, 1946, the remainder is given to The First Trust Company of Lincoln, Nebraska, in trust, with directions to pay all of the income to testator's son, Gay Marshall Sheils, during his life, which terminated October 29, 1962. The will then provides:

"6. (a) Upon the death of my son, Gay Marshall Shiels, the trustee shall divide the said trust estate into two equal parts and shall set aside one part in trust for the children of my son, Gay Marshall Shiels, namely: Max Marshall Shiels, Evelyn Shiels, Katherine Shiels and Dorothy Shiels. The trustee shall set aside three-fifths (3/5) of the said half share; and accumulate the income and hold said three-fifths and income in trust for said Max Marshall Shiels until he is thirty-five (35) years of age. Then, upon a proper showing to the trustee that he has accumulated by his own efforts, the sum of Three Thousand Dollars ($3,000.00), the trustee shall pay to him one-half (1/2) of the sum so set aside for him, together with one-half (1/2) of the accumulated income. But in case he fails to make the proper showing that he has accumulated Three Thousand Dollars ($3,000.00) through his own efforts, then in that case, no part of such sum shall be paid to him until he is forty (40) years of age; then, if he can make proper showing that he has accumulated Three Thousand Dollars ($3000) the full amount set aside for him shall be paid to him. Then in case he does not make the proper showing when he is forty (40) years of age, the whole sum shall be held in trust for him during his life and the income from said Trust Fund shall be paid to him semi-annually. Provided, Further, in the event of the death of my son, Gay Marshall Shiels, before his son Max Marshall Shiels, has completed his education, then in that event, the trustee is authorized to advance any reasonable amount to help him complete his education.

"The trustee shall hold in trust the balance of said one-half share, for Katherine, Dorothy and Evelyn Shiels, and shall pay to them semi-annually, the income therefrom during their respective lives, and said payments not to commence until they are twenty-five (25) years of age, and upon the death of either, shall pay to her children, her share of the principal, free from trust.

"(b). Upon the death of my son, Gay Marshall Shiels,

the trustee shall hold the other part in trust for my grandchildren, Thomas J. Shiels, Thea June Shiels and Vanice Shiels. The trustee shall set aside three-fifths (3/5) of the said half share and accumulate the income and hold said three-fifths (3/5) and income in trust for my grand-son, Thomas J. Shiels, until he is thirty-five (35) years of age. Then, upon a proper showing to the trustee that he has accumulated by his own efforts, the sum of Three Thousand Dollars ($3000) the trustee shall pay to him one-half of the sum so set aside for him, together with one-half of the accumulated income. But in case he fails to make the proper showing that he has accumulated Three Thousand Dollars ($3000.00) through his own efforts, then, in that case, no part of such sum shall be paid to him until he is forty (40) years of age; then, if he can make proper showing that he has accumulated Three Thousand Dollars ($3000.00), the full amount set aside for him shall be paid to him. And in case he does not make the proper showing, when he is forty (40) years of age, the whole sum shall be held in trust for him during his life, and the income from said Trust Fund shall be paid to him semi-annually. Provided, Further, in the event of the death of my son, Gay Marshall Shiels, before Thomas J. Shiels has completed his education, then, in that event, the trustee is authorized to advance any reasonable amount to help him complete his education.

"The trustee shall hold in trust the balance of said share for Vanice Shiels and Thea June Shiels and shall pay to them semi-annually, the income therefrom, during their respective lives, said payments not to commence until they are twenty-five (25) years of age; and upon the death of either, shall pay to her children, her share of the principal free from trust.

"7. Neither of the beneficiaries herein shall acquire any vested interest in said trust estate until the same becomes payable under the terms hereof, and neither the principal nor the income of the trust estate shall be

liable for debts of any beneficiary hereof, nor shall the same be subject to seizure by any creditor of any beneficiary under any writ or proceeding at law or in equity, and no beneficiary hereunder shall have any power to sell, assign, transfer, incumber or in any other manner to anticipate or dispose of his or her interest in the trust estate or the income produced thereby.

"If Max Marshall Shiels or Thomas J. Shiels shall die before his share shall be paid to him, then the same shall be paid to his children, free from trust."

The problem arises herein because of the death of Thomas J. Sheils on November 20, 1944, at the age of 24. This was during the lifetime of deceased's widow, and before the provision for Gay Marshall Sheils became operative. Thomas J. Sheils was the son of Iloa J. Sheils, a deceased son of testator. Iloa J. Sheils died December 21, 1921, which was 3 years prior to the making of the will herein. Thomas J. Sheils, who died without issue and intestate, was survived by his widow, Shirley Louise Sheils, whose name now is Shirley Louise Sheils Moore; his mother; and his two sisters, Thea June Berning, and Dorothy Vanice Sheils Banta Droze, who for convenience will hereinafter be referred to as the sisters.

The sisters bring this action, claiming that the disputed share should be paid to them on the theory that the provision in which it is included is a gift to a class of which they are the survivors. The widow of Thomas J. Sheils answered, claiming an undivided one-half interest in the share, on the theory that it was vested in her husband at the time of his death. His mother was made a party herein, but filed no pleadings. Max Marshall Sheils, Evelyn Sheils Tucker, Kathryn Sheils Bullock, and Dorothy Sheils Laursen, the children of Gay Marshall Sheils, who for convenience will hereinafter be designated as the Sheils, filed an answer, claiming a four-sixths interest in the disputed share on the theory that it lapsed with the death of Thomas J. Sheils

and should be distributed as a resulting trust to the heirs of deceased as of the time of the death of Gay Marshall Sheils, or to the six surviving grandchildren of the deceased. The trial court held that the disputed share should be paid to the sisters. The Sheils perfected an appeal to this court.

There are certain fundamental rules for the construction of wills which are so well established that they are no longer debatable in this state. One is that the court, in construing a will, must ascertain the intent and purpose of the testator as disclosed by the language of the will. Another is that when the intention of the testator is ascertained, it must be given effect over other considerations if not contrary to law or public policy. See In re Estate of Mooney, 131 Neb. 52, 267 N. W. 196.

We said in Katt v. Claussen, 174 Neb. 603, 118 N. W. 2d 1002: "The object and purpose of the court is to carry out and enforce the true intention of the testator as shown by the will itself in the light of attendant circumstances under which it was made."

The law favors the early vesting of estates, and a remainder will be declared a vested one unless a contrary intent is apparent from the will. Brandeis v. Brandeis, 150 Neb. 222, 34 N. W. 2d 159.

The will herein contains the following language: "Neither of the beneficiaries herein shall acquire any vested interest in said trust estate until the same becomes payable under the terms hereof, * * *." The use of the word "Neither" raises a question as to whom reference is made. Is it the widow and son of the testator? The property vested in the widow in trust at the testator's death, so obviously she is not included in the reference. The intention apparent from the will is that the word "Neither" refers to the surviving son and the two groups of grandchildren. This becomes evident when we consider the position in the will of the paragraph containing the word. It follows the paragraph providing for the son and the paragraph providing for the

grandchildren. It becomes even more apparent when we consider the language, "Upon the death of my son, Gay Marshall Shiels, the trustee shall divide the said trust estate into two equal parts * * *." We hold, therefore, that it was the intention of testator that no interest in the trust remainder should vest in the grandchildren until the death of testator's son, Gay Marshall Sheils, which occurred on October 29, 1962.

Thomas J. Sheils died November 20, 1944, without issue. This was before the interest of Gay Marshall Sheils vested. Shirley Louise Sheils Moore, the widow of Thomas J. Sheils, filed an answer, asserting an interest in the provision made for her former husband. The effect of the judgment of the trial court is to deny her any interest. She has made no appearance in this court. Under our determination that no interest vested in the grandchildren until October 29, 1962, the prospective interest of Thomas J. Sheils terminated with his death. His widow, therefore, would have no interest herein.

There is a presumption that a testator intended to dispose of his entire estate and not to die intestate either as to the whole or as to any part thereof. Where a provision of a will is fairly open to more than one construction, a construction resulting in an intestacy as to any part of the estate will not be adopted if by a reasonable construction it can be avoided. Attebery v. Prentice, 158 Neb. 795, 65 N. W. 2d 138.

The Sheils argue that the provisions made for the grandchildren are individual gifts and that the lapsation of the provision for Thomas J. Sheils creates a resulting trust. They contend that this is so because the grandchildren are individually named; that substitutional representation is provided; and that unequal amounts are given within the class. These provisions are certainly indicative of individual gifts unless there is a clear intent otherwise obvious in the will.

We said in Katt v. Claussen, 174 Neb. 603, 118 N. W. 2d 1002: "It is possible, however, that the names of

the prospective beneficiaries may be given and yet the gift may be to a class." There is also considerable authority that a substitutional gift in case any of the legatees shall die is not sufficient reason for holding that the gift is to individuals rather than to a class. See, In re Boyer's Estate, 115 Pa. Super. 501, 175 A. 728; Strauss v. Strauss, 363 Ill. 442, 2 N. E. 2d 699, 105 A. L. R. 1386; Dove v. Johnson, 141 Mass. 287, 5 N. E. 520; Tate v. Tate, 126 Tenn. 169, 148 S. W. 1042; Saunders v. Saunders, 109 Va. 191, 63 S. E. 410.

An unequal distribution within a group is a strong indication of individual gifts. In this will we have a preference shown the grandsons. The provisions for each are identical. They do not become operative, however, unless the grandson or his issue survive Gay Marshall Sheils, which did not happen in the instance of Thomas J. Sheils.

Did the testator intend to treat his grandchildren as two separate classes, as contended by the sisters, or as individuals, as contended by the Sheils? Ordinarily, the determination depends upon the generally accepted, literal, natural, and grammatical meaning of the language used in the will, but it is not wholly limited thereby. It is the substance and intent, rather than the words, which control. To determine this intent, the general scope of the will, the general purpose of the testator, the language used, the relationship of the beneficiaries and the testator, as well as the surrounding circumstances, within proper limits, may be considered.

What is the general scheme of this will? A close scrutiny indicates that relationship of the parties was a motivating factor. The general intent manifested in the will was to provide for the wife for life, then the surviving son for life, then to divide the estate equally between two groups of grandchildren. The testator had two sons, one of whom predeceased the making of the will. The surviving son was given all of the income from the estate after the death of his mother. Looking

at the disposition of the remainder, we think it appears that the testator intended to make a complete disposition of all of his property. He directed that it be divided into two equal parts, and assigned each of those parts to the children of his own children or their issue. In this way, testator divided his grandchildren into two classes, a natural classification for him to make, particularly if he wanted to treat the issue of his two sons equally. The will clearly indicates an equal division between the two sets of grandchildren. It is true that within their respective groups, he did show a preference for the grandsons, but even here he made the same provisions within the respective groups.

As suggested above, there was no vesting of any interest in the grandchildren until the death of Gay Marshall Sheils. At the time of the death of Gay Marshall Sheils, Thomas J. Sheils was dead. The will provides that the trust estate should be divided into two equal parts. The part assigned to the children of Iloa J. Sheils is in the following language: "* * * the trustee shall hold the other part in trust for my grandchildren, Thomas J. Shiels, Thea June Shiels and Vanice Shiels." Thomas J. Shiels having died, the property is held in trust for Thea June Sheils and Vanice Sheils. The provisions made for Thomas J. Sheils are not operative because he did not survive to become vested with an interest in the trust estate. The situation present herein is in intent analogous to In re Estate of Zimmermann, 122 Neb. 812, 241 N. W. 553. To hold that the portion of the trust provided for Thomas J. Sheils should be treated as a resulting trust and four-sixths thereof given to the children of Gay Marshall Sheils would defeat the intention of the testator as manifested within the four corners of his will and interpreted in the light of the family situation. This intention should prevail over other considerations.

The judgment of the trial court directed the trustee to pay the three-fifths of the one-half share created

under the trust for Thomas J. Sheils to the sisters. This is in error. The trustee should be directed to hold the one-half share in trust for Thea June Sheils and Vanice Sheils and pay to them the income therefrom as provided in the will, and upon the death of either to pay to her children her share of the principal, free from trust. We direct that the judgment of the trial court be so modified, and affirm the judgment as so modified.

AFFIRMED AS MODIFIED.