NATIONAL BANK OF COMMERCE TRUST AND SAVINGS ASSOCIATION, LINCOLN, NEBRASKA, EXECUTOR OF AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF OCTAVIA HEIMER, DECEASED, APPELLEE, v. CROWELL MEMORIAL HOME ET AL., APPELLEES, IMPLEADED WITH N. BERNARD FOUTCH ET AL., APPELLANTS.

148 N. W. 2d 304

Filed February 3, 1967. No. 36393.

H. L. Blackledge and Mitchell, Taylor & Beatty, for appellants.

Frederick J. Patz, for appellee National Bank of Commerce Trust & Savings Assn.

Mason, Knudsen, Berkheimer & Endacott, Baumfalk,

Dalke & Dowding, Nelson, Harding, Acklie, Leonard & Tate, and James Hewitt, for appellees Crowell Memorial Home et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and LYNCH, District Judge.

McCOWN, J.

This is an action for the construction and interpretation of a will. The executor, trustee, and charitable beneficiaries are ranged on one side, and two cousins, as heirs-at-law, on the other.

Octavia Heimer died May 25, 1963, and her will was duly admitted to probate on July 2, 1963. The first 13 paragraphs of the will, aside from preliminary recitations and provisions for payment of debts and expenses, contained 11 cash bequests, 4 of them to designated charities in the sum of $1,000 each, and 7 to named individuals all for $500 each. One individual also received a collection of chinaware. Paragraph Thirteenth gave household goods and personal effects in her home to Bernard Foutch, a cousin, and his wife, subject to directions as to selection of various items by other individuals. This was the only provision of the will in which the testatrix made any mention of any of her heirs-at-law.

Paragraphs Fourteenth and Fifteenth are those on which the conflict centers and they provide:

"FOURTEENTH: I give, devise, and bequeath to The National Bank of Commerce, Lincoln, Nebraska, in trust, upon the following terms and conditions, towit: That said Trustee shall hold the principal of said Trust funds intact and the principal thereof shall be invested in good, sound, interest-bearing securities yielding as high a rate of return as may be consistent with reasonable safety, and in the exercise of the judgment of said Trustee it may invest in bonds, preferred stock, or common stocks, which have had a satisfactory record of payment of dividends and is considered by said Trustee to be a sound investment for the purposes herein and

after deducting the usual and customary charge for handling said Trust funds, the remainder of the income therefrom shall be paid to the beneficiaries hereinafter named, in proportion to the amounts set opposite their names, towit:

"(a) To the Gordon Hospital, Gordon, Nebraska, the income of the Trust to be used for the treatment and care of indigent people in said hospital or otherwise as may be determined by the Trustees thereof, in the sum of $10,000.00.

"(b) To the City of Gordon's Good Samaritan Rest Home, Gordon, Nebraska, now in process of construction, the sum of $1000 provided that if the beneficiary of this bequest should be known by any other name which is authorized to accept gifts of this character which qualifies as exempt from inheritance tax, then and in that event the intent is hereby expressed to be that the bequest may be held by the Executor hereinafter named until a proper legal beneficiary can be ascertained.

"(c) To Tabitha Home, Lincoln, Nebraska, or such governing body of Tabitha Home as may be entitled to receive and use bequests, the income of which shall be used for the treatment and care of indigent people, the sum of $5,000.

"(d) To The Cedars Home for Children, 6401 Pioneer Boulevard, Lincoln, Nebraska, the income from which shall be used for the care and treatment of indigent children, the sum of $5,000.

"(e) To The College View Presbyterian Church, or such officers of said Church as may be legally authorized to receive and administer the same, the income from which shall be used by said Church for such religious or charitable purposes as the governing body of said Church shall decide, in the sum of $5,000.

"The said Trustee shall have the power to pool the investments of the aforesaid amounts and pay to each beneficiary the proportionate share of the net earnings, if the Trustee shall desire to do so. The Trust herein

set up shall terminate fifteen years after my death.

"FIFTEENTH: All of the rest, residue, and remainder of my property, real, personal, or mixed, wherever situated, I give, devise, and bequeath to the National Bank of Commerce, Lincoln, Nebraska, in trust upon the same terms and conditions as are stated in the next preceding paragraph of this Will, with instructions and directions to said Trustee to add to the Trust accounts in the same proportion as stated therein, for the use and benefit of the beneficiaries named in said paragraph FOURTEENTH (a), (b), (c), (d), and (e), that is to say, the beneficiaries participating proportionately in this residuary clause are as follows, towit:

"(a)   Gordon Hospital, Gordon, Nebraska, 10/25ths,

"(b)   Gordon's Good Samaritan Rest Home, Gordon, Nebraska, 5/25ths,

"(c)   Tabitha Home, Lincoln, Nebraska, 5/25ths,

"(d)   College View Presbyterian Church, Lincoln, Nebraska, 5/25ths.

"said Trustee to retain the principal of said bequests as stated hereinbefore and pay the income therefrom to the aforesaid beneficiaries proportionately, as stated herein."

Paragraph Sixteenth gives a conditional option to two tenants to purchase certain real estate.

Paragraph Seventeenth provides:

"SEVENTEENTH: The Trusts set out in the next two preceding paragraphs of this Will are for the specific purpose of establishing Memorials to my father and mother, George H. Heimer and Anna Heimer, who were pioneer residents of Sheridan County, Nebraska, and for several years residents of the city of Lincoln, Lancaster County, Nebraska; and said Trustee is hereby charged with the responsibility of providing from the interest income from said Trust a suitable bronze placque at the permanent headquarters of each of the beneficiaries in substantially the following form:

" 'To the Glory of God and in memory of George H.

Heimer and Anna Heimer, a permanent Trust Fund is set up by their daughter, Octavia Heimer, to give aid and comfort to those who are unfortunate and needy.' "

The remainder of the will dealt only with disposition of taxes and appointment of executor.

The district court found that the will should be construed; that no trust was created under paragraph Fourteenth for the reason that there is no trust corpus described in paragraph Fourteenth; that the 15-year limitation set forth in paragraph Fourteenth applied only to paragraph Fourteenth and not to the trust created and established by paragraph Fifteenth; that paragraph Fifteenth is a valid residuary clause which established a charitable trust of all the residue; that the income from such trust property should be distributed to the four entities named in the respective fractions designated in paragraph Fifteenth. Two of the heirs-at-law have appealed.

The basic object of will construction is to ascertain the intent and purpose of the testator as shown by the will, and then give that intention effect if not contrary to law. See Berning v. National Bank of Commerce Trust & Savings, 176 Neb. 856, 127 N. W. 2d 723.

In reaching this objective, various rules and principles have been used or relied on by courts to support various kinds of reasoning as applied to the particular facts of a given case. "The right to dispose of property by will at death is favored by the law; it is a valuable right which will be sustained whenever possible. It is the policy of the law to uphold devises and bequests and, if possible, to enforce them consistently with rules of law. A will should not be invalidated except for compelling reasons." Brown v. Applegate, 166 Neb. 432, 89 N. W. 2d 233.

The appellants' basic contention is that the will here is so indefinite and uncertain that it is incapable of construction without rewriting the testatrix' will for her, and that, therefore, the indefinite or ambiguous

provisions render them void and require the property to pass by intestacy. We cannot agree.

As stated in 57 Am. Jur., Wills, § 34, p. 59: "The modern tendency, however, is not to hold a will void for uncertainty unless it is absolutely impossible to put a meaning upon it. The duty of the court is to put a fair meaning on the terms used and not, as it is sometimes put, to repose on the easy pillow of saying that the whole is void for uncertainty." While it may be trite, it is still true, that charitable trusts are a favorite of the law. See Allebach v. City of Friend, 118 Neb. 781, 226 N. W. 440.

The rule has been well established in Nebraska that a charitable gift will not be permitted to fail because of any mistake or ambiguity in describing the intended beneficiary or expressing its purpose if from the language of the bequest when construed in the light of all the facts, the intent of the donor is reasonably apparent. See Elliott v. Quinn, 109 Neb. 5, 189 N. W. 173.

There is also a presumption that the testator intended to dispose of his entire estate and not to die intestate either as to the whole or as to any part thereof. Where a provision of a will is fairly open to more than one construction, a construction resulting in an intestacy as to any part of the estate will not be adopted if by a reasonable construction it can be avoided. See Berning v. National Bank of Commerce Trust & Savings, *supra*.

It is apparent from an examination of the entire will that the testatrix had a specific intent to benefit charities rather than to provide for her heirs-at-law. It is also quite apparent that the testatrix intended to, and did, create two separate sets of charitable trust provisions, and that they are separately stated and set out in paragraphs Fourteenth and Fifteenth. Paragraph Fifteenth specifically applied to all of the residue of her estate, while paragraph Fourteenth was obviously intended to apply only to a separate portion of the estate.

The trial court found that no trust was created under

paragraph Fourteenth for the reason that there was no trust corpus described. While the testatrix did not specifically designate a total corpus or portion of the estate in the initial sentence, she did specify dollar amounts for each charitable beneficiary under paragraph Fourteenth. The trustee was given power to "pool the investments of the aforesaid amounts and pay to each beneficiary the proportionate share of the net earnings, if the Trustee shall desire to do so." We believe the true intention of the testatrix was that the combined total of the specific dollar amounts designated for each individual charity was intended to be the corpus of that trust and that the trust in paragraph Fourteenth would terminate at the end of 15 years, at which time the remaining principal would pass to and become part of the residue.

The reference in paragraph Fifteenth to specifically named charitable beneficiaries, and the individual fractions for each, overrides the alphabetical reference.

Ambiguous, indefinite, or conflicting provisions in a will are always unfortunate, but they do not always make it impossible to determine testamentary intent. Courts often say they will not rewrite a will under the guise of construction or interpretation. If literally applied, this rule would permit construction only when the will did not require it. The point at which provisions are so indefinite and uncertain as to be impossible to construe or interpret under general rules evades precise definition. An ambiguity did exist here and the will required construction. In the light of all the facts, we believe the interpretation made reflects the true testamentary intention of the testatrix.

The trial court's judgment was correct in all respects except as to the finding that there was no trust corpus described upon which the trust in paragraph Fourteenth could operate. The judgment is, therefore, modified by finding that the corpus of the trusts provided for in paragraph Fourteenth was $26,000, the total of the amounts specified for each charitable beneficiary de-

scribed in subparagraphs (a), (b), (c), (d), and (e) of that paragraph; and that upon the termination of 15 years after the date of the death of the testatrix, the remaining principal of such corpus shall pass to and become a part of the residual trust created by paragraph Fifteenth.

As so modified, the judgment of the trial court is affirmed.

AFFIRMED AS MODIFIED.