JENNIE HILTON GARWOOD ET AL., APPELLANTS, V. DRAKE UNIVERSITY, A CORPORATION, APPELLEE.
198 N. W. 2d 336

Filed June 9, 1972. No. 38387.

Ray L. Svehla, John E. Dougherty, and Herman Ginsburg, for appellants.

Davies, Cheuvront & Sutter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

In this action the residuary legatees under the last will and testament of Estella A. McCloud, deceased, contest a cash bequest to Drake University. Judgment was entered for the university and that judgment is affirmed.

The will of testatrix was executed on August 31, 1960, and admitted to probate on April 4, 1969, following the death of testatrix on March 3, 1969. It contained the following provision: "I give and bequeath to the Divinity School of Drake University * * * for scholarship purposes the sum of $10,000.00 * * * ."

Drake University was originally founded as a bible school by the Disciples of Christ for the purpose of training ministers and christian laymen and this remains its purpose. As the university developed, it instituted various colleges such as Fine Arts, Education, Business Administration, etc. Among these colleges was the Divinity School training students for degrees of Bachelor of Divinity and Master of Religion. In 1968 the Divinity School was phased out and a Department of Religion installed. The Divinity School had been a graduate school or seminary. The new department is primarily an undergraduate college although the same general courses of study are available, with the same

physical and library facilities, and the same instructors or professors. Apparently the identical religious training remains available with the exception of sectarian-type courses and the failure to award strictly religious degrees. In some churches the graduates may still step directly into the ministry although others require additional training in seminaries. Present enrollment in the Department of Religion is approximately 1,100 of whom 19 are preministerial students, all but 2 of whom receive financial assistance. The evidence indicates that many ministerial students now seek a Ph.D. degree rather than the religious degrees. Drake University still maintains separate endowment funds for the Department of Religion and scholarship funds for ministerial students.

The residuary legatees contend that abolition of the Divinity School has caused the bequest to the school to lapse. An analysis of the terms of the bequest is necessary. Although the will states that the bequest is to the "Divinity School," it is apparent this was not intended. The Divinity School was not a legal entity at any time but simply an educational division of Drake University. The bequest was of necessity a bequest to the "University" and the mention of the Divinity School is directory in nature. It is indicative of the testatrix' intent to provide scholarship funds for the use of students in the Divinity School. Since the Divinity School was a school for the education and training of preministerial students, it appears that testatrix intended to assist in the education of this type of student. A preministerial education is still available at the university and it still has students who intend to enter the ministry. The funds may still be applied by the university for the purpose specified by testatrix. It is true that these students are no longer graduate students and that the Department of Religion, unlike its predecessor the Divinity School, is not a graduate college. This does not affect the obvious dominant intent of testatrix to further

or assist in the education of preministerial students.

"Charitable trusts are special favorites of courts of equity which will preserve and enforce them if possible under the rules of law." Hobbs v. Board of Education, 126 Neb. 416, 253 N. W. 627. See, also, Muller v. Nebraska Methodist Hospital, 160 Neb. 279, 70 N. W. 2d 86.

"If the dominant purpose of a charitable trust is certain, it will not be denied execution because of absence of perfection of detail or the presence of immaterial and inappropriate language in the instrument creating the trust." Board of Trustees of York College v. Cheney, 158 Neb. 292, 63 N. W. 2d 177.

"The intention of the testator as determined from the will must be given effect if it is not inconsistent with any rule of law." Trute v. Skeede, 162 Neb. 266, 75 N. W. 2d 672.

"The basic object of will construction is to ascertain the intent and purpose of the testator as shown by the will, and then give that intention effect if not contrary to law.

"A charitable gift will not be permitted to fail because of any mistake or ambiguity in describing the intended beneficiary or expressing its purpose if from the language of the bequest when construed in the light of all the facts, the intent of the donor is reasonably apparent." Nat'l. Bk. of Commerce Trust & Sav. Assn. v. Crowell Memorial Home, 181 Neb. 341, 148 N. W. 2d 304.

We conclude that the intent of testatrix is clear and that it can and will be complied with by the payment of the bequest to Drake University. The bequest has not lapsed.

The judgment of the district court is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent because I want no part in making a new will for the testator.

The bequest was specifically to the Divinity School of Drake University. The Divinity School at the time the will was made was a graduate college or seminary, conferring divinity degrees. Since the making of the will, the Divinity School has passed out of existence. To now hold that the Drake University undergraduate school took its place, because it has some religious courses which are a part of the curriculum of every church-related school, is to strong arm the will and the law.