In re Estate of Laura Bernstrauch, deceased.
Shriners Hospitals for Crippled Children,
appellant, v. Grand Lodge
of the Ancient, Free and Accepted
Masons of Nebraska, appellee.

313 N.W.2d 264

Filed December 11, 1981.  No. 43586.

David B. Smith and Steven H. Heldt of Smith & Smith for appellant.

Eisenhart & Eisenhart for appellee.

William H. Sherwood, pro se, amicus curiae.

Heard before KRIVOSHA, C.J., McCown, CLINTON, and WHITE, JJ., and RIST, District Judge.

RIST, District Judge.

This is an appeal from a judgment and decree of the District Court of Furnas County, Nebraska, construing a portion of the last will and testament of Laura Bernstrauch, deceased.

Miss Bernstrauch died September 17, 1978, in

Oxford, Nebraska, and her last will and testament was admitted to probate in the county court of Furnas County, Nebraska, on October 23, 1978. Her will contained the following provision: "FIFTH [CHARITABLE DEVISE OF LAND] I give, devise and bequeath unto the Masonic Lodge for Crippled Children, and for that sole and only use, title to pass to said Lodge in accordance with the instructions of the Lodge, and if the Lodge is unable, because of any rule of law, or the charter or by-laws of the Lodge, to own land, then the following described land is to be sold, and the proceeds thereof to be given by my Executor to said Lodge for such purpose, the following described premises, to-wit:" (then follows a legal description of real estate).

On November 8, 1978, the personal representative of her estate filed his application in the county court for construction of the will, praying that as to the above provision the court determine the intended devisee of the property. With respect to said application, the Grand Lodge of the Ancient, Free and Accepted Masons of Nebraska (hereinafter called Grand Lodge) entered its appearance and moved for a determination that it was the proper devisee under such provision. Also appearing and moving to be determined the devisee was Shriners Hospitals for Crippled Children (hereinafter called Shriners Hospitals).

On January 23, 1979, the county court entered its judgment that the Grand Lodge was the beneficiary named in said provision, from which determination Shriners Hospitals appealed to the District Court. That court, on January 11, 1980, entered its judgment that Shriners Hospitals was the proper devisee, but, upon motion for new trial filed by the Grand Lodge, a new trial was granted. Following such trial the court, on May 2, 1980, entered a judgment determining the Grand Lodge to be the devisee for the purpose set forth in the will. Shriners Hospitals perfected its appeal to this court.

The record reflects that decedent was a single woman who was physically crippled at the time of the execution of the will and had been so crippled for some time prior thereto. She was a recluse, and did not participate in church, community, or social activities. She was not a member of any Masonic organization, and the record reflects no particular knowledge on her part of any such organizations or their purposes and functions.

Grand Lodge, appellee herein, is a Nebraska corporation and the highest ranking Masonic organization in the State of Nebraska. It has subordinate lodges in many communities of the state, including the communities of Stanton and Oxford, Nebraska, where decedent had resided during her lifetime. Its stated purposes are "charitable, benevolent, educational, and for the service of God . . . ."

The Grand Lodge, as such, has no programs for children, but there are appendant Masonic organizations which do in various ways. One is the Masonic-Eastern Star Home for Children (hereinafter called Home for Children), a Nebraska corporation, with its location in Fremont, Nebraska. Its stated purpose is "to aid, care for, maintain and educate children of Freemasons and of members of the Order of the Eastern Star [another appendant Masonic organization] and, when feasible, to likewise assist, maintain and educate other dependent children under such conditions as the Board of Trustees may provide." It has no stated program for crippled children, although there is evidence that some children in the home have been so afflicted. The Home for Children is financed jointly by the Grand Lodge and by the Grand Chapter of the Order of the Eastern Star.

Another appendant Masonic organization is the Ancient Arabic Order of the Nobles of the Mystic Shrine [hereinafter called Shrine], which has several temples or subordinate groups in Nebraska. The Shrine is national in scope and has separately incorporated as another appendent Masonic organization Shriners

Hospitals for Crippled Children (Shriners Hospitals), a Colorado corporation, appellant herein, which operates, nationwide, 18 orthopedic hospitals and three burn centers, all for children. The stated purpose of Shriners Hospitals is "to construct, maintain, and operate, hospitals and other eleemosynary institutions for the treatment of curable crippled children, wholly free of charge to said children, parents or guardians, and without regard to race, color, creed, sex, or sect . . . ." There is no requirement that the parents or guardians be members of any Masonic organization.

All appendant Masonic organizations require their members to be Masons, although being a Mason does not automatically confer membership in such appendant organizations.

There is no Masonic organization, appendant or otherwise, formally known as "Masonic Lodge" or "Masonic Lodge for Crippled Children."

The first question to be resolved is whether a latent ambiguity exists with respect to the name of the devisee designated in the paragraph of the will at issue. Shriners Hospitals says there is.

Grand Lodge claims no such ambiguity exists, asserting that the words "Masonic Lodge," as used in the will, describes the Grand Lodge; that the Grand Lodge is so known; and that the subsequent words "for Crippled Children" are only descriptive of purpose and are not part of devisee's name.

Grand Lodge's claim is not sustained by the record. Testatrix was not a member of any Masonic organization and had no demonstrated knowledge of Masonic terminology. There are a number of different organizations that are a part of or appendant to Masonry. The evidence does not show any general recognition by either Masons or non-Masons that the Grand Lodge is the only Masonic entity known as "Masonic Lodge," nor any such recognition by testatrix. The same is true of the name "Masonic Lodge for Crippled Children." Finally, we have the fact, already noted, that there is

no Masonic organization formally known by either of these designations. There is no reasonable basis for concluding from the name itself that testatrix was referring to the Grand Lodge.

We conclude, therefore, that Shriners Hospitals is correct and that a latent ambiguity exists. A latent ambiguity arises when a beneficiary is erroneously described or where no such beneficiary has ever existed as the one so described, *Burnham v. Bennison*, 126 Neb. 312, 253 N.W. 88 (1934), or when two or more persons or organizations answer the description imperfectly, *Estate of Bletsch*, 25 Wis. 2d 40, 130 N.W.2d 275 (1964). The authorities just cited also hold that extrinsic evidence is admissible both to disclose and to remove the latent ambiguity of the will.

We turn next to the question of whether an examination of the will and the extrinsic evidence in this case can resolve the ambiguity and whether the doctrine of *cy-pres* is appropriate to such resolution.

We note the devise here involved, by any reasonable reading, is to benefit crippled children. Being a devise for a charitable or benevolent purpose, it is viewed with favor by the courts, and, pursuant to statute, it should not be held invalid by reason of uncertainty of the designation of the beneficiary if it be otherwise valid. Neb. Rev. Stat. § 30-239 (Reissue 1979). This is the statutory expression of the *cy-pres* doctrine applicable to wills. *Wood v. Lincoln General Hospital Assn.*, 205 Neb. 576, 288 N.W.2d 735 (1980). Such doctrine is that a charitable gift will not be permitted to fail because of any mistake or ambiguity in describing the intended beneficiary or expressing its purpose if, from the language of the devise, when construed in the light of all the facts, the intent of the testatrix is reasonably apparent. *Wood v. Lincoln General Hospital Assn.*, *supra; Garwood v. Drake University*, 188 Neb. 605, 198 N.W.2d 336 (1972). A dominant charitable intent is a precondition to the judicial exercise of such doctrine and there must be in existence an identifiable bene-

ficiary whose charitable or benevolent programs and goals are reasonably close to those apparent in testatrix' expression of purpose. *Estate of Bletsch, supra; Garwood v. Drake University, supra.*

As previously stated, we conclude, from the language of the will and in light of the crippled condition of testatrix, there is a clear expression of a purpose: to aid and assist crippled children. It is also clear that testatrix desired this purpose to be carried out by some Masonic organization or association. A consideration of such organizations before the court shows that while the Grand Lodge has a general purpose of charitable or benevolent intent, it has no stated program dealing expressly with crippled children. The Home for Children in Fremont, which the Grand Lodge at least tacitly suggests is the organization to which it would devote the devise, is primarily for the care and maintenance of children of Masons or of Members of the Eastern Star, and any care with respect to crippled children is incidental at best.

Shriners Hospitals, on the other hand, is specifically organized and operated for crippled children, without regard to race, color, creed, sex, or sect, and with no requirement that the parents or guardians of the child have a Masonic affiliation or membership. It is an appendant Masonic organization.

We conclude, therefore, that Shriners Hospitals maintains facilities and programs that are precisely within the dominant purpose expressed by the testatrix. We also note that since testatrix had no Masonic affiliation during her lifetime, it is reasonable to conclude she would want aid and assistance to be offered crippled children without regard to any Masonic affiliation of their parents or guardians. Certainly there is no intent expressed in the will that such affiliation ought to be a condition of such aid and assistance. We therefore find and determine that Shriners Hospitals is the most appropriate organization to be designated as devisee under the provisions of decedent's will here involved.

Accordingly, we reverse the judgment of the District Court and remand the cause for the entry of judgment that Shriners Hospitals for Crippled Children be determined and designated as the devisee under paragraph FIFTH of decedent's will, and for such other and further order as shall be necessary to the county court of Furnas County, Nebraska, for the completion of the administration of decedent's estate in accordance with such judgment.

REVERSED AND REMANDED WITH DIRECTIONS.