*In re* ESTATE OF ELIZABETH B. LIND, Deceased (James B. McCarter, Petitioner-Appellant, v. Northwestern University, Respondent-Appellee).

Third District   No. 3—99—0708

Opinion filed July 13, 2000.

Keith A. Vogt (argued), of Niro, Scavone, Haller & Niro, and Charles L. Goodbar III (argued), both of Chicago, for appellant.

James W. Hitzeman and Frederic J. Artwick (argued), both of Sidley & Austin, of Chicago, and Thomas G. Cline, of Northwestern University, of Evanston, for appellee.

PRESIDING JUSTICE SLATER delivered the opinion of the court:
James McCarter, the residuary legatee under the will of Elizabeth Lind, petitioned the trial court to declare that Lind's bequest to "Northwestern University Dental School of Chicago, Illinois," had lapsed. On the motion of Northwestern University (the University) for summary judgment, the trial court denied McCarter's petition. On appeal, McCarter contends that the bequest lapsed because the

University's board of trustees (the Board of Trustees) had resolved to close its dental school prior to Lind's death. For the reasons that follow, we affirm.

In 1990, Elizabeth Lind executed her will. In article II of the will, Lind bequeaths certain stocks, bonds, and other investments to "Northwestern University Dental School of Chicago, Illinois." In article V, Lind names her cousin, James McCarter, to take the residue of her estate.

On March 2, 1998, the Board of Trustees passed a resolution that provides, in pertinent part, as follows:

> "RESOLVED, that the School of Dentistry be closed effective December 31, 2001;
>
> FURTHER RESOLVED, that the Officers of Administration be, and they are hereby, authorized and directed to take all steps necessary or reasonably required to accomplish the closure of the School of Dentistry, including transfer of such research programs as may be effectively continued in other colleges and schools of the University;
>
> FURTHER RESOLVED, that, effective January 1, 2002, Article IV, section 1[,] of the University Statutes be amended to delete the School of Dentistry from the list of the Colleges and Schools of the University."

Lind died on November 12, 1998. Her will was admitted to probate. Subsequently, McCarter filed a petition seeking a declaration that the bequest to the dental school had lapsed. In particular, McCarter supported this conclusion by alleging that the Board of Trustees had voted to "shut down" the dental school and that the dental school was either unable or unwilling to accept the bequest.

The University filed a motion for summary judgment contending the following: (1) that its dental school existed on the date of Lind's death; (2) that the University was able to receive gifts on behalf of its dental school on that date; and (3) that Lind's gift vested at the time of her death. Attached to the motion is an affidavit of John Margolis, the University's then acting provost. In his affidavit, Margolis avers: (1) that the University created the dental school; (2) that, although the dental school is no longer admitting new students, the school will remain operational until December 31, 2001; and (3) that the University is able and willing to accept Lind's bequest on behalf of the dental school.

Also attached to the University's motion is a copy of its 1851 charter, an act of the General Assembly incorporating the University. The charter confers upon the University the power "to acquire, hold and convey property, real, personal, or mixed, in all lawful ways." In

addition, the charter creates the Board of Trustees and empowers it to enact bylaws for the University. A copy of the bylaws enacted by the Board of Trustees lists the School of Dentistry in the list of the University's constituent colleges and schools.

. In response, McCarter argued that the resolution to close the dental school constituted a dissolution rendering the school incapable of receiving a testamentary gift. To support his position, McCarter cited section 112.30 of the General Not For Profit Corporation Act of 1986 (the Act) (805 ILCS 105/101.01 *et seq.* (West 1998)), which provides that dissolution of a not-for-profit corporation terminates its corporate existence. 805 ILCS 105/112.30 (West 1998). McCarter also contended that a testamentary gift will not vest in a dissolved "charitable organization."

In reply, the University filed the affidavit of Michael Weston, its vice president and general counsel. In the affidavit, Weston notes that the Act does not apply to a not-for-profit corporation created by a special act of the legislature, such as the University, unless the corporation elects to accept the Act. See 805 ILCS 105/101.70(a)(4) (West 1998). Weston further avers that the University has never chosen to be governed by the Act.

The trial court granted the University summary judgment. In its written order, the trial court found that there remains no genuine issue of material fact. Moreover, the trial court ruled that the University is entitled to judgment as a matter of law because the dental school existed at the time of Lind's death and the University was able and willing to receive Lind's bequest on behalf of the dental school.

Summary judgment shall be entered where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998). In ruling on a summary judgment motion, the trial court must construe the pleadings, depositions, and affidavits strictly against the moving party and in favor of the opposing party. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 693 N.E.2d 358 (1998). However, a trial court will treat the well-pleaded facts of a moving party's affidavit as admissions if the opposing party fails to file a counteraffidavit controverting those facts. *Blankenship v. Dialist International Corp.*, 209 Ill. App. 3d 920, 568 N.E.2d 503 (1991). A trial court's ruling on a motion for summary judgment is subject to *de novo* review. *Dowd & Dowd, Ltd.*, 181 Ill. 2d 460, 693 N.E.2d 358.

■ A testamentary gift vests in the donee at the time of the testator's death unless a later time for vesting is apparent from the express provisions of the will. *Colgan v. Sisters of St. Joseph*, 237 Ill.

App. 3d 579, 604 N.E.2d 989 (1992). Moreover, " '[t]he prevailing rule is that the fact that a religious, charitable, or educational organization named as a beneficiary in a will discontinues its active functions after the execution of the will does not impair its right to take the gift so long as its identity, whether corporate or associative, continues without dissolution until the death of the testator.' " *Northern Trust Co. v. Winona Lake School of Theology*, 61 Ill. App. 3d 966, 973, 377 N.E.2d 1182, 1187 (1978), quoting 79 Am. Jur. 2d *Wills* § 178 (1975).

McCarter's claim that the bequest to the University had lapsed hinges upon a finding that the University's dental school had ceased to exist for purposes of receiving a testamentary gift on the date of Lind's death. McCarter contends that the dental school ceased to exist because it had dissolved as a result of the University Board of Trustee's resolution to close the school.

■ The problem with McCarter's argument is that the uncontroverted facts before the trial court demonstrate that the dental school has no legal status independent of the University. Rather, the school is merely one of several of the University's constituent colleges and schools. Consequently, the Board of Trustee's resolution to close the school cannot be considered equivalent to the dissolution of a non-for-profit corporation or any other independent association. Furthermore, the University's decision to close its dental school at a future date does not, by itself, extinguish the school's identity as an object of charity. As a result, Lind's testamentary gift to the dental school did not lapse and vested upon her death.

In addition, we disagree with McCarter's assertion that to consider Lind's gift to the dental school vested in the University for the benefit of the dental school is to rewrite Lind's will or to improperly invoke the doctrine of *cy pres*.

The primary objective in construing a will is to ascertain and give effect to the intention of the testator. *In re Estate of Fry*, 188 Ill. App. 3d 336, 544 N.E.2d 109 (1989). The language of the will itself is the best proof of the testator's intent. *Coussee v. Estate of Efston*, 262 Ill. App. 3d 419, 633 N.E.2d 815 (1994).

The plain language of Lind's bequest to "Northwestern University Dental School of Chicago, Illinois," unambiguously evinces an intent to benefit the University's School of Dentistry. Moreover, in view of the fact that the dental school has no legal existence independent of the University, interpreting the gift to the dental school as a gift to the University for the benefit of the dental school is the only reasonable interpretation of Lind's bequest and best effectuates her obvious testamentary intent. See *Garwood v. Drake University*, 188 Neb. 605, 198 N.W.2d 336 (1972); *Estate of Hill*, 214 Cal. App. 2d 812, 29 Cal.

Rptr. 814 (1963); *Rhode Island Hospital Trust Co. v. Boston University*, 73 R.I. 121, 54 A.2d 10 (1947). We, therefore, affirm the trial court order granting the University summary judgment and denying McCarter's petition.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

BRESLIN and HOMER, JJ., concur.